THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRODIE SPELL,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTI JOHNSON et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:26-cv-766<br><br>District Judge Robert J. Shelby |

Plaintiff Brodie Spell, acting *pro se*, brought this civil-rights action, under 42 U.S.C.S. § 1983.[1] Having screened the Complaint[2] under its statutory review function, 28 U.S.C.S. § 1915A,[3] the court now orders Plaintiff to file an amended complaint curing deficiencies if he would like to further pursue claims.

## A. COMPLAINT'S DEFICIENCIES

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2026).

[2] Dkt. 1, *Complaint for Violation of Civil Rights* (*Complaint*).

[3] The screening statute reads:

> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

The Complaint:

1. does not properly affirmatively link an individual named defendant to each element of each alleged civil-rights violation. (See below.)

2. needs clarification as to what constitutes a cause of action under the Americans with Disabilities Act (ADA).[4] (See below.)

3. does not concisely link *each element* of the claim of improper medical treatment to each individually named defendant. (See below.)

4. has claims apparently based on current confinement; however, the Complaint appears not to have been drafted using legal help Plaintiff is constitutionally entitled to by his institution—e.g., contract attorneys.[5]

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[6] Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[7]

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[8] Moreover, it is improper for the court "to assume the

[4] *See* 42 U.S.C.S. §§ 12101-12213 (2026).

[5] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*adequate* law libraries or *adequate* assistance from persons trained in the law . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (citation modified).

[6] Fed. R. Civ. P. 8(a).

[7] *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

role of advocate for a pro se litigant."[9] Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[10]

Plaintiff should consider these points before filing an amended complaint:

1. A revised complaint must stand entirely on its own and not refer to, or incorporate by reference, any part of the original complaint(s).[11] Also, an amended complaint may not be added to after filing without moving for amendment.[12]

2. Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

3. The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights.[13] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[14] Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

4. Each claim, together with facts and citations directly supporting it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain

---

[9] *Id.*

[10] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[11] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

[12] Fed. R. Civ. P. 15.

[13] *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).

[14] *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (citation modified).

the "who," "what," "where," "when," and "why" of each claim.[15] Given such a complaint, "a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin."[16]

5. Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position.[17]

6. Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."[18]

7. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[19] However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants.[20]

8. Affirmative Link.

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant personally participated in the alleged constitutional violation at issue. Indeed, because § 1983 is a vehicle for imposing personal liability on

---

[15] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].'" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)).

[16] *Id*.

[17] *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

[18] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[19] 42 U.S.C.S. § 1997e(a) (2026).

[20] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

> government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.[21]

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."[22] Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous."[23]

9. ADA. Plaintiff should also consider this information in amending the complaint:

> To state a failure-to-accommodate claim under [ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [the defendant] knew he was disabled and required an accommodation.[24]

Further,

> courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation. The ADA requires more than physical access to public entities: it requires public entities to provide *meaningful* access to their programs and services. To effectuate this mandate, the regulations require public entities to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.[25]

---

[21] *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790–91 (10th Cir. 2019) (citation modified).

[22] *Id*. at 790 n.5.

[23] *Id*.

[24] *Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (citation modified).

[25] *Villa v. Dep't of Corrs.*, 664 Fed. App'x 731, 734 (10th Cir. 2016) (citation modified).

10. Inadequate medical treatment. The following principles govern claims of inadequate medical treatment, including delays and gatekeeper liability:

> Jail officials violate a detainee's constitutional rights through deliberate indifference whenever they knowingly ignore a substantial risk of serious harm to an inmate. Deliberate indifference has objective and subjective components. To meet the objective component, the harm suffered must be sufficiently serious to implicate the Eighth Amendment's prohibition of cruel and unusual punishment. Under the subjective component, the [inmate] must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.
>
> A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Where, as here, an inmate is alleging that they were harmed by a delay in eventual medical treatment, the objective component of harm may be satisfied by lifelong handicap, permanent loss, or considerable pain. Thus, this standard can be satisfied merely by an intermediate injury, such as the pain experienced while waiting for treatment and analgesics.
>
> . . . .
>
> There is no precise amount of suffering that makes a delay in medical care actionable. Whether pain and suffering are sufficiently serious for a deliberate indifference claim depends on context, and even a brief delay [in medical treatment] may be unconstitutional.
>
> . . . .
>
> The subjective component requires a defendant to both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
>
> A jail official exhibits deliberate indifference if he knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he delays or refuses to fulfill that gatekeeper role due to deliberate indifference.[26]

[26] *Hardy v. Rabie*, 147 F.4th 1156, 1164–66 (10th Cir. 2025) (citation modified).

## D. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must within 120 days cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document.

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint. The court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal.

**5.** Plaintiff must inform the court of any address change and timely comply with court orders.[27] Failure to do so may result in this action's dismissal for failure to prosecute.[28]

[27] *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.").

[28] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**8.** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action."[29]

**9.** Defendants' motions for time extension to answer the Complaint are **DENIED** as moot.[30] There is no valid Complaint on file as of this Order.

**10.** Plaintiff's motion for preliminary injunctive relief is **DENIED**.[31] As of this Order, there is no valid Complaint on file upon which to base such relief.

**11.** Defendant Aldrich's Motion to Dismiss is **DENIED** as moot.[32] There is no valid Complaint on file as of this Order.

**12.** Once Plaintiff files an amended complaint (and any potential renewed motion for preliminary injunctive relief), any further litigation is stayed until the court screens the amended complaint and orders next steps.

---

[29] DUCivR 83-1.6(a).

[30] Dkt. 21, *Defendant Aldrich's Motion for Extension of Time*; Dkt. 23, *Motion for Expansion of Time*.

[31] Dkt. 27, *Plaintiff's Emergency Motion for a Preliminary Injunction and Temporary Restraining Order*.

[32] Dkt. 29, *Defendant Aldrich's Motion to Dismiss*.

DATED this 19th day of October 2026.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court